IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE ARIEL VILLANUEVA VASQUEZ,

     Petitioner,

v.                                 No. 1:26-cv-01734-KG-KRS

MARKWAYNE MULLIN, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Jose Ariel Villanueva Vasquez's Petition for a Writ of Habeas Corpus, Doc. 1, the Government's Response, Doc. 6, and Petitioner's Reply, Doc. 7. The Court also considers the Government's supplemental briefing, Doc. 9. Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition.

Petitioner, a native and citizen of El Salvador, entered the United States in 2016 as an unaccompanied minor. Doc. 1 at 13. He was briefly detained and released on his own recognizance, into his aunt's custody. *Id.*

On June 20, 2025, Petitioner was taken into immigration custody. *Id.* at 9. An immigration judge refused him bond on jurisdictional grounds. *Id.* at 18.

An immigration judge ordered Petitioner removed on October 25, 2025. *Id.* at 9. He appealed that decision to the Board of Immigration Appeals. *Id.*

Petitioner now challenges his prolonged detention under the Fifth Amendment's Due Process Clause and the Immigration and Nationality Act. *See generally* Doc. 1. Although the

1

Government opposes the Petition, it acknowledges that *Santillan Quiroz v. Mullin*, 2026 WL 1876709, at *7 (10th Cir.), governs.  Doc. 8 at 1.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Santillan Quiroz*, 2026 WL 1876709, at *7.  First, 8 U.S.C. § 1225 governs noncitizens who are "seeking admission into the country."  *Jennings v. Rodriguez,* 583 U.S. 281, 289 (2018).  "[A] noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States."  *Santillan Quiroz*, 2026 WL 1876709, at *6. "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border."  *Id.* at *7.  Absent exceptions irrelevant here, § 1225 mandates detention and affords no bond hearing.  *Id.*

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country."  *Jennings*, 583 U.S. at 303; *see also Santillan Quiroz*, 2026 WL 1876709, at *7 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a).") (citing exceptions not relevant here). Section 1226(a) authorizes the arrest and detention of noncitizens "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed."  Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention."  *Jennings*, 583 U.S. at 306.

Under these principles, § 1226(a) governs Petitioner's detention.  He entered the United States as an unaccompanied minor, and he took no "ongoing action to request lawful entry" at a port of entry.  *Santillan Quiroz*, 2026 WL 1876709, at *6.  And DHS did not arrest him at the border, but from the interior, where he has resided for approximately ten years.  While an immigration judge has ordered Petitioner removed, that order is not yet administratively final.  Therefore, because Petitioner "entered the United States and [was] thereafter detained in the interior," he falls within the class of noncitizens "subject to § 1226(a)."  *Id.* at *7.  Petitioner's detention is therefore governed by § 1226(a), not § 1225.

The Court next turns to the appropriate remedy.  The Tenth Circuit in *Santillan Quiroz* ordered the government to, "within seven days of such order, either provide [the petitioner] with a bond hearing or else release him."  2026 WL 1876709, at *17 n.13.  The Court adopts the same remedy here.

## I.      *Conclusion*

For the reasons above, the Court orders that:

1.  The Petition for Writ of Habeas Corpus, Doc. 1, is granted.

2.  Within seven (7) business days of this Order, the Government shall provide Petitioner with a bond hearing or else release him.  At that hearing, the immigration judge must evaluate Petitioner's claim on the merits—not under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

3.  Because the Court grants Petitioner full relief on statutory grounds, it does not reach his other claims, which are dismissed as moot.

4.  The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.